IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| KENNETH SHIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: |
| vs. ) | |
| ) | Division: |
| SITE CENTERS CORP, ) | |
| Serve: Registered Agent ) | |
| CT Corporation ) | |
| 120 South Central Ave., Ste. 400 ) | |
| St. Louis, MO 63105 ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |

## PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW plaintiff Kenneth Shields and for his causes of action against defendant Site Centers Corp. alleges and states as follows:

1. Plaintiff Kenneth Shields is an adult resident and citizen of the State of Missouri, residing at 5217 Willow Ave., Kansas City, Jackson County, Missouri, 64133.

2. Defendant Site Centers Corp. is a foreign corporation authorized to conduct business in Missouri. At all relevant times, defendant was the owner, operator and/or manager of the Independence Commons retail facility -- located at 19000 East 39th Street, Independence, Jackson County, Missouri, 64057.

3. At all relevant times, defendant generally availed itself of the privilege of doing business in the State of Missouri. Defendant owned, operated

EXHIBIT A

and/or managed the Independence Commons retail facility in Jackson County, Missouri, committed a tort in Jackson County, Missouri, and is otherwise subject to the personal jurisdiction of this Court.

4. Plaintiff was injured by the tortious acts and omissions of defendant in the eastern portion of Jackson County, Missouri, and therefore venue is appropriate in this Court.

## ALLEGATIONS COMMON TO ALL CLAIMS

5. In October 2019, defendant was the owner, operator and/or manager of the Independence Commons retail facilities -- located at 19000 East 39th Street, Independence, Jackson County, Missouri. At all relevant times, defendant owned, managed and/or controlled the common premises in and around the AMC Theatres at the Independence Commons retail facility.

6. On October 26, 2019, plaintiff and his wife were at the Independence Commons retail complex and had parked their car in the parking lot in front of the AMC Theatre. Plaintiff and his wife got out of their car and were walking toward the theatre. The concrete curb in front of the AMC Theatre was painted red. As plaintiff was walking toward the AMC Theatre, his normal walking gait was such that he stepped on top of the concrete curb with one of his feet. At that moment, plaintiff's foot landed in a hole/defect in the top of the concrete curb, where a chunk of concrete had fallen out --- this caused plaintiff to fall hard to the concrete surface. As a direct result of the fall, plaintiff suffered significant injuries -- including a fractured right wrist.

7. No signs or any form of warning was provided to alert plaintiff about the dangerous condition (i.e., the hole/defect in the curb) of the customer walking area in front of the AMC Theatre. Indeed, the red paint applied over the hole/defect served to disguise the hole/defect.

## COUNT I – PREMISES LIABILITY

8. Plaintiff restates and incorporates by reference each of the above allegations.

9. On or about October 26, 2019, plaintiff was lawfully present at the Independence Commons retail premises -- which was owned, operated and/or controlled by defendant -- located at 19000 East 39th Street, Independence, Missouri.

10. On or about October 26, 2019, a dangerous condition existed on defendant's business premises. More specifically, the hole/defect on the top of the concrete curb -- which caused plaintiff's fall and injuries -- was located in an area open to and routinely used by customers, including plaintiff, thus creating a trip/fall hazard.

11. Defendant had a duty to exercise ordinary care to maintain the business premises in a reasonably safe condition -- free from dangerous conditions -- and owed a duty to plaintiff to warn of the existence of the dangerous condition described above and/or to remedy the dangerous condition in a timely manner.

12. Defendant needlessly and recklessly endangered plaintiff and was negligent in failing to timely remedy the hole/defect and failing to properly maintain the walking area in front of the movie theatre, and defendant was further negligent in failing to warn plaintiff of the dangerous condition.

13. By and through its agents, servants and/or employees, defendant was actually aware of the dangerous condition and/or should have been aware of the dangerous condition by exercising ordinary care and due diligence.

14. As a direct and proximate result of the dangerous condition of the premises, on or about October 26, 2019, plaintiff stepped into the hole/defect in the curb and tripped and fell hard to the concrete walking surface, causing significant injuries to plaintiff -- including a fractured right wrist.

15. As a direct and proximate result of defendant's acts and omissions, as described above, plaintiff has suffered damages/injuries for pain and suffering, disability, permanent disfigurement and scarring, past and future lost wages, and loss of enjoyment of life. Plaintiff's injuries and damages are continuing.

16. As a direct and proximate result of defendant's acts and omissions, as described above, plaintiff has incurred damages/injuries for medical treatment and services. Plaintiff's injuries and damages are continuing.

WHEREFORE, plaintiff Kenneth Shields prays for judgment against defendant in an amount that will fairly and justly compensate plaintiff for his injuries and damages – in an amount in excess of $25,000.00; for costs incurred herein; and for such other and further remedies, orders, judgments and decrees as the Court deems just under the circumstances.

## COUNT II -- NEGLIGENCE

17. Plaintiff restates and incorporates by reference each of the allegations stated above.

4

18. Defendant had a duty to exercise ordinary and reasonable care to protect plaintiff from injury while plaintiff was lawfully at the business premises, and to warn against and remedy any danger that might be reasonably anticipated.

19. Defendant breached its duty of care and was thereby negligent in (a) failing to timely and properly inspect the walking area – including the curb -- in front of the AMC Theatre to ensure that the pedestrian/customer walking area was in a reasonably safe condition for the ordinary and intended use by customers; (b) failing to maintain the pedestrian/customer walking area in front of the AMC Theatre in a reasonably safe condition; (c) failing to timely repair the holes/defects in the concrete curb in front of the AMC Theatre; (d) failing to adequately supervise the inspection and/or maintenance of the pedestrian/customer walking area in front of the AMC Theatre; and (e) failing to warn plaintiff about the dangerous condition.

20. The negligent acts and/or omissions stated herein were committed by employees, servants and/or agents of defendant while acting in the ordinary course and scope of their employment/agency. As a result, defendant is liable to plaintiff for the negligent acts and omissions of its employees, servants and/or agents pursuant to the doctrine of *respondeat superior*.

21. As a direct and proximate result of defendant's negligent acts and/or omissions, plaintiff has suffered actual damages/injuries including pain and suffering, permanent disfigurement and scarring, past and future lost wages, and loss of enjoyment of life. Plaintiff's damages and injuries are continuing.

22. As a direct and proximate result of defendant's negligent acts and/or omissions, plaintiff has suffered actual damages/injuries including charges for medical treatment and services. Plaintiff's damages and injuries are continuing.

WHEREFORE, plaintiff Kenneth Shields prays for judgment against defendant in an amount that will fairly and justly compensate plaintiff for his injuries, in an amount in excess of $25,000.00; for costs incurred herein; and for such other and further remedies, orders, judgments and decrees as the Court deems just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues triable by jury.

GUSTAFSON LAW LLC

By: _____
Craig E. Gustafson MO #35024
3145 Broadway
Kansas City, Missouri 64111
Ph: 816-960-7121
Fax: 816-561-3939
craig@gustafsonlawkc.com
*Attorney for Plaintiff*

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

KENNETH SHIELDS,

        PLAINTIFF(S),

VS.

        CASE NO. 2216-CV00102
        DIVISION 16

SITE CENTERS CORP,

        DEFENDANT(S).

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **MARCO A ROLDAN** on **27-APR-2022** in **DIVISION 16** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

    a.    A trial setting;

    b.    Expert Witness Disclosure Cutoff Date;

    c.    A schedule for the orderly preparation of the case for trial;

    d.    Any issues which require input or action by the Court;

    e.    The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ MARCO A ROLDAN
MARCO A ROLDAN, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
CRAIG E GUSTAFASON, GUSTAFSON LAW LLC, 3145 BROADWAY, KANSAS CITY, MO 64111

Defendant(s):
SITE CENTERS CORP

Dated: 04-JAN-2022

MARY A. MARQUEZ
Court Administrator

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

Kenneth Shields, plaintiff, )
) Case No: 2216-CV00102
Vs. )
) Division: 16
Site Centers Corp., defendant )
)

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW plaintiff, by and through his attorney of record, and for plaintiff's Motion for Approval and Appointment of Private Process Server, hereby requests that D&B Legal Services, Inc.: Legal Names (s):

| | | |
|---|---|---|
| Alisha Allen PPS22-0001 | James Hise PPS22-0294 | William Powell PPS22-0077 |
| Sallie Bailey PPS22-0003 | Tawanda Johnson PPS22-0166 | Kim Presler PPS22-0078 |
| Carl Barnett PPS22-0254 | Patrick Jones PPS22-0167 | Mark Rauss PPS22-0082 |
| Thomas Bogue PPS22-0118 | Chelsea Ketron PPS22-0044 | Jorge A Rivera PPS22-0214 |
| Matthew Bohrer PPS22-0258 | Leisa Ketron PPS22-0045 | Jason Rodgers PPS22-0088 |
| Arthur Boyer PPS22-0006 | Brent Kirkhart PPS22-0046 | Richard Roth PPS22-0091 |
| Scott Brady PPS22-0008 | Janice Kirkhart PPS22-0047 | Kathy Rulo PPS22-0338 |
| Nicholas Bull PPS22-0011 | Tyler Kirkhart PPS22-0048 | Edna Russell PPS22-0093 |
| Gary Burt PPS22-0012 | Cody Kyser PPS22-0049 | Brenda Schiwitz PPS22-0094 |
| Bobby Calvert PPS22-0124 | Raymond Land PPS22-0303 | Dylan Schneider PPS22-0340 |
| Carolyn Champlin PPS22-0013 | Frank Lundien PPS22-0055 | Mark Schneider PPS22-0341 |
| Michael Conklin PPS22-0267 | Chad Maier PPS22-0312 | Westley Seifert PPS22-0220 |
| Lisa Corbett PPS22-0269 | Lyle Malcom PPS220-0313 | Thomas Skinner PPS22-0224 |
| Norman Diggs PPS22-0274 | Kenneth Marshall PPS22-0057 | Richard Skyles PPS22-0095 |
| Edwina Ditmore PPS22-0275 | Michael Meador PPS22-0060 | Anthony Spada PPS22-0228 |
| Andrew Downs PPS22-0016 | Maria Meier PPS22-0315 | Randy Stone PPS22-0229 |
| Chris Drummond PPS22-0017 | Heather Merfen PPS 22-0061 | Carrie Stroup PPS22-0350 |
| William Ferrell PPS22-0022 | Matthew Millhollin PPS22-0062 | Robert Torrey PPS22-0355 |
| Robert Finley PPS22-0023 | Angela Molt PPS22-0064 | Lucas Traugott PPS22-0356 |
| Dana Fortner PPS22-0286 | Jason Moody PPS22-0065 | Daniel Wagner PPS22-0099 |
| John Frago PPS22-0026 | Jeremy Nicholas PPS22-0194 | Kenneth Wallace PPS22-0100 |
| Brad Gordon PPS22-0144 | Michael Noble PPS22-0196 | Ryan Weekley PPS22-0101 |
| Tom Gorgone PPS22-0145 | Greg Noll PPS22-0068 | Andrew Wheeler PPS22-0103 |
| Charles Gunning PPS22-0028 | Tory Owens PPS22-0071 | Andrew Wickliffe PPS22-0104 |
| James Hannah PPS22-0030 | Bob Peters PPS22-0327 | Gregory Willing PPS22-0105 |
| Rufus Harmon PPS22-0031 | Carrie Pfeifer PPS22-0203 | Conni Wilson PPS22-0107 |
| Zackery Hayes PPS22-0033 | Craig Poese PPS22-0073 | Allen Yoder PPS22-0366 |
| Stephen Heitz PPS22-0035 | Anthony Powell PPS22-0329 | Rod Yoder PPS22-0367 |
| Bridgette Hight PPS22-0293 | Dee Powell PPS22-0075 | Stan Yoder PPS22-0368 |
| Wendy Hilgenberg PPS22-0037 | Samantha Powell PPS22-0076 | Greg Zotta PPS22-0110 |

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, be approved and appointed as private process servers in the above cause to serve process in this case.

By: _____ Craig E. Gustafson, MO Bar # 35024

**ORDER**
It is hereby ordered that the plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____      _____
                                    Judge or Clerk

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

Kenneth Shields, plaintiff,  )
 ) Case No: 2216-CV00102
Vs. )
 ) Division: 16
Site Centers Corp., defendant )
 )

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW plaintiff, by and through his attorney of record, and for plaintiff's Motion for Approval and Appointment of Private Process Server, hereby requests that D&B Legal Services, Inc.: Legal Names (s):

| | | |
|---|---|---|
| Alisha Allen PPS22-0001 | James Hise PPS22-0294 | William Powell PPS22-0077 |
| Sallie Bailey PPS22-0003 | Tawanda Johnson PPS22-0166 | Kim Presler PPS22-0078 |
| Carl Barnett PPS22-0254 | Patrick Jones PPS22-0167 | Mark Rauss PPS22-0082 |
| Thomas Bogue PPS22-0118 | Chelsea Ketron PPS22-0044 | Jorge A Rivera PPS22-0214 |
| Matthew Bohrer PPS22-0258 | Leisa Ketron PPS22-0045 | Jason Rodgers PPS22-0088 |
| Arthur Boyer PPS22-0006 | Brent Kirkhart PPS22-0046 | Richard Roth PPS22-0091 |
| Scott Brady PPS22-0008 | Janice Kirkhart PPS22-0047 | Kathy Rulo PPS22-0338 |
| Nicholas Bull PPS22-0011 | Tyler Kirkhart PPS22-0048 | Edna Russell PPS22-0093 |
| Gary Burt PPS22-0012 | Cody Kyser PPS22-0049 | Brenda Schiwitz PPS22-0094 |
| Bobby Calvert PPS22-0124 | Raymond Land PPS22-0303 | Dylan Schneider PPS22-0340 |
| Carolyn Champlin PPS22-0013 | Frank Lundien PPS22-0055 | Mark Schneider PPS22-0341 |
| Michael Conklin PPS22-0267 | Chad Maier PPS22-0312 | Westley Seifert PPS22-0220 |
| Lisa Corbett PPS22-0269 | Lyle Malcom PPS220-0313 | Thomas Skinner PPS22-0224 |
| Norman Diggs PPS22-0274 | Kenneth Marshall PPS22-0057 | Richard Skyles PPS22-0095 |
| Edwina Ditmore PPS22-0275 | Michael Meador PPS22-0060 | Anthony Spada PPS22-0228 |
| Andrew Downs PPS22-0016 | Maria Meier PPS22-0315 | Randy Stone PPS22-0229 |
| Chris Drummond PPS22-0017 | Heather Merfen PPS 22-0061 | Carrie Stroup PPS22-0350 |
| William Ferrell PPS22-0022 | Matthew Millhollin PPS22-0062 | Robert Torrey PPS22-0355 |
| Robert Finley PPS22-0023 | Angela Molt PPS22-0064 | Lucas Traugott PPS22-0356 |
| Dana Fortner PPS22-0286 | Jason Moody PPS22-0065 | Daniel Wagner PPS22-0099 |
| John Frago PPS22-0026 | Jeremy Nicholas PPS22-0194 | Kenneth Wallace PPS22-0100 |
| Brad Gordon PPS22-0144 | Michael Noble PPS22-0196 | Ryan Weekley PPS22-0101 |
| Tom Gorgone PPS22-0145 | Greg Noll PPS22-0068 | Andrew Wheeler PPS22-0103 |
| Charles Gunning PPS22-0028 | Tory Owens PPS22-0071 | Andrew Wickliffe PPS22-0104 |
| James Hannah PPS22-0030 | Bob Peters PPS22-0327 | Gregory Willing PPS22-0105 |
| Rufus Harmon PPS22-0031 | Carrie Pfeifer PPS22-0203 | Conni Wilson PPS22-0107 |
| Zackery Hayes PPS22-0033 | Craig Poese PPS22-0073 | Allen Yoder PPS22-0366 |
| Stephen Heitz PPS22-0035 | Anthony Powell PPS22-0329 | Rod Yoder PPS22-0367 |
| Bridgette Hight PPS22-0293 | Dee Powell PPS22-0075 | Stan Yoder PPS22-0368 |
| Wendy Hilgenberg PPS22-0037 | Samantha Powell PPS22-0076 | Greg Zotta PPS22-0110 |

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, be approved and appointed as private process servers in the above cause to serve process in this case.

By: _____ Craig E. Gustafson, MO Bar # 35024

**ORDER**

It is hereby ordered that the plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____25-Jan-2022_____

DEPUTY COURT ADMINISTRATOR



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division: | Case Number: 2216-CV00102 |
|---|---|
| MARCO A ROLDAN | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| KENNETH SHIELDS | CRAIG E GUSTAFASON |
| | GUSTAFSON LAW LLC |
| | 3145 BROADWAY |
| vs. | KANSAS CITY, MO 64111 |
| Defendant/Respondent: | Court Address: |
| SITE CENTERS CORP | 308 W Kansas |
| Nature of Suit: | INDEPENDENCE, MO 64050 |
| CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: SITE CENTERS CORP
Alias:

**PRIVATE PROCESS SERVER**

SRV RA: CT CORPORATION
120 S CENTRAL AVE STE 400
CLAYTON, MO 63105

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

25-JAN-2022
Date                                            Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                         _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

(Seal)   Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                          Date                  Notary Public

**Sheriff's Fees**
Summons            $_____
Non Est            $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $   10.00
Mileage            $_____ (_____ miles @ $._____ per mile)
Total              $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

6/2020

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County